John C. Breslo, Esq.  State Bar No. 014972
Email: jbreslo@breslolaw.com
The Breslo Law Firm
8426 East Shea Boulevard
Scottsdale, Arizona 85260
(480) 664-6635 (tel.)

Attorneys for Plaintiff Eduardo L. Nieves

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EDUARDO L. NIEVES,<br><br>   Plaintiff,<br><br>VS.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>   Defendant. | CASE NO:<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS FEES AND COST |

Plaintiff Eduardo L. Nieves herein sets forth the allegations of his Complaint against Defendant Prudential Insurance Company of America (hereinafter "Prudential" or "Defendant").

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal

1 question. This action is brought for the purpose of obtaining benefits under the terms
2 of employee benefit plans, to clarify and enforce Plaintiff's past, present and future
3 rights to benefits under the employee benefit plans and to obtain other equitable relief,
4 including but not limited to, a declaration that Plaintiff is disabled and qualifies for
5 payment of benefits. This action also seeks prejudgment and postjudgment interest,
6 as well as attorneys fees and costs.

7     2.    Plaintiff was, at all times relevant, an employee of Comtech
8 Telecommunications Corporation ("Comtech") and a resident of Mesa, Arizona.

9     3.    Provident is a New Jersey corporation with its principal place of business
10 in Newark, New Jersey.

11     4.    Comptech created a short term disability ("STD") plan and a long term
12 disability ("LTD") plan so as to provide disability coverage to its employees.
13 Comtech funded these plans, hereinafter referred to as the Comtech STD Plan and the
14 Comtech LTD Plan (collectively referred to as the Comtech Plans), through a policy
15 of insurance issued by Prudential. As such, Prudential is the entity responsible for
16 paying STD and LTD benefits which are due under the Comtech Plans. Similarly,
17 Prudential acts as the fiduciary for the Comtech Plans, and makes all decisions
18 whether an employee is entitled to STD and LTD benefits under the Comtech Plans.

19     5.    As an employee of Comtech, Plaintiff is and was a participant in the
20 Comtech STD Plan and the Comtech LTD Plan. Moreover, Plaintiff is currently
21 disabled pursuant to the terms both of the Comtech Plans. As such, pursuant to the
22 terms and conditions of the Comtech STD Plan, Plaintiff is entitled to past due
23 benefits for the period under which such benefits are paid according to the Plan.

24     6.    With respect to the Comtech LTD Plan, Plaintiff is entitled to past due
25 LTD benefits as well as future benefits for so long as Plaintiff remains totally disabled
26 as defined by the terms of the Comtech LTD Plan.

27     7.    Plaintiff resides in this judicial district, and the claim arose in this judicial
28 district. In addition, Prudential can be found in this judicial district. Thus, venue is

proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

**FIRST CAUSE OF ACTION AGAINST
PRUDENTIAL FOR DENIAL OF STD PLAN BENEFITS**

8.  Plaintiff refers to and incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9.  At all times relevant, Plaintiff was employed by Comtech.  During the course of Plaintiff's employment he became entitled to benefits under the terms and conditions of the Comtech STD Plan.  Specifically, while Plaintiff was covered under the Comtech STD Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under the terms of the Comtech STD Plan.

10.  At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the Comtech STD Plan.

11.  Pursuant to the terms of the Comtech STD Plan, Plaintiff made a claim to Prudential for STD benefits under the Comtech STD Plan.  However on May 1, 2015 Prudential denied Plaintiff's claim, in spite of the fact that Plaintiff had provided Prudential with evidence that he was disabled.  The basis of Prudential's denial was its contention that Mr. Nieves did not become disabled until after his employment with Comtech terminated, and as such any disability was not covered.

12.  Mr. Nieves appealed this denial on September 2, 2015.  In the course of this appeal, Plaintiff submitted significant evidence showing that his medical problems were long-standing, that he worked under restrictions due to his injuries, and told his employer he wanted to file for disability prior to his employment terminating.  Mr. Nieves provided substantial medical evidence showing that his injuries and disability pre-dated the termination of his employment with Comtech.

13.  On February 25, 2016 Prudential denied the appeal.  Prudential maintained its position that Mr. Nieves did not become disabled until after his employment terminated.  However, its denial letter specifically stated that it was refusing to look at the medical evidence provided by Mr. Nieves showing that he was

disabled while still insured under the Comtech STD Plan.  According to Prudential's letter:

> Since Mr. Nieves' [sic] is not eligible for disability coverage effective March 10, 2015 we did not perform a review of the medical records in file [sic].  The claim denial is based on coverage disability.

14. Following the denial of Plaintiff's disability claim under the Comtech STD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Comtech STD Plan.

15. As a proximate result of the aforementioned wrongful denial of Prudential, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

16. As a further direct and proximate result of this improper determination regarding Plaintiff's STD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

## SECOND CAUSE OF ACTION AGAINST PRUDENTIAL FOR DENIAL OF LTD PLAN BENEFITS

17. Plaintiff refers to and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18. At all times relevant, Plaintiff was employed by the Comtech.  During the course of Plaintiff's employment he became entitled to benefits under the terms and conditions of the Comtech LTD Plan.  Specifically, while Plaintiff was covered under the Comtech LTD Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under the terms of the Comtech LTD Plan.

19. At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the Comtech LTD Plan.

20. Pursuant to the terms of the Comtech LTD Plan, on September 2, 2015 Plaintiff made a claim to Prudential for LTD benefits under the Comtech LTD Plan.

However on November 20, 2015 Prudential denied Plaintiff's claim, in spite of the fact that Plaintiff had provided Prudential with evidence that he was disabled.

21. Plaintiff appealed this denial on January 19, 2016. In the course of this appeal, Plaintiff submitted significant evidence showing that his medical problems were long standing, that he worked under restrictions due to his injuries, and told his employer he wanted to file for disability prior to his employment terminating. Mr. Nieves provided substantial medical evidence showing that his injuries and disability pre-dated the termination of his employment with Comtech.

22. On February 25, 2016 Prudential denied the appeal. Prudential maintained its position that Mr. Nieves did not become disabled until after his employment terminated. However, its denial letter specifically stated that it was refusing to look at the medical evidence provided by Mr. Nieves showing that he was disabled while still insured under the Comtech LTD Plan. According to Prudential's letter:

> Since Mr. Nieves' [sic] is not eligible for disability coverage effective March 10, 2015 we did not perform a review of the medical records in file [sic]. The claim denial is based on coverage disability.

23. Following the denial of Plaintiff's disability claim under the Comtech LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Comtech LTD Plan.

24. As a proximate result of the aforementioned wrongful denial of Prudential, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

25. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

///

**COMPLAINT FOR ERISA BENEFITS;** CASE NO.:

### THIRD CAUSE OF ACTION AGAINST PRUDENTIAL FOR DECLARATORY RELIEF

26. Plaintiff refers to and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. A controversy now exists between Defendant on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the Comtech STD Plan and the Comtech LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the Comtech Plans' definition of disability. Plaintiff further seeks a declaration by this Court that, if in fact Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, all benefits provided under the Comtech Plans while a participant is disabled be reinstated retroactive to the date Plaintiff's disability benefits accrued.

28. In the course of seeking this Declaration, Plaintiff has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

### FOURTH CAUSE OF ACTION AGAINST PRUDENTIAL FOR AN ORDER OVERTURNING THE DENIALS AND REMANDING FOR ADDITIONAL INVESTIGATION

29. Plaintiff refers to and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30. Prudential's numerous breaches of its fiduciary obligations and its duty to investigate have led to a denial made on improper grounds and a Record that is incomplete. In particular, Prudential has failed to review the medical evidence submitted by Mr. Nieves.

31. As a result, to the extent that this Court does not find the Record adequate to award benefits to Mr. Nieves, he respectfully requests that the Court issue an Order overturning the denial and remanding this matter back to the Comtech LTD Plan for a proper investigation, creation of a complete Record, and for a decision made on a legally proper basis.

**COMPLAINT FOR ERISA BENEFITS;** CASE NO.:

32. In the course of seeking this Remand, Plaintiff has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of STD disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

2. Payment of LTD disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

3. For a declaration that Plaintiff is disabled under the terms of the Comtech Plans and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

4. For, in the alternative, an Order overturning the denial and remanding this matter to the Comtech LTD Plan and the Comtech STD Plan for determinations complying with ERISA;

5. Pursuant to 29 U.S.C. § 1132(g) for all costs and attorney fees incurred in pursuing this action;

5. For prejudgement and postjudgment interest as allowed for under ERISA; and

6. For such other and further relief as this Court deems just and proper.

DATED: March 21, 2016        The Breslo Law Firm

                             BY   S/*John Breslo*
                                  JOHN C. BRESLO
                                  ATTORNEY FOR PLAINTIFF
                                  EDUARDO L. NIEVES